## HATCH et al. v. YOUNG.

### (Circuit Court, D. Massachusetts. December 4, 1888.)

PATENTS FOR INVENTIONS — INFRINGEMENT — MACHINES FOR MAKING HEEL-STIFFENERS.

Letters patent No. 132,849, granted to S. Moore and H. Rogers, November 5, 1872, for improvements in machines for making heel-stiffeners for boots and shoes, the specification for which recites the use of "a stationary heel-shaped former-block; * * *; a sliding bender, or follower, that presses the leather-board or blank around this block; and an under-slide, that presses in or crimps the bottom edge of the blank, to form the lip or flange, the follower moving up against the blank, and pressing it upon and around the former-block, and griping the bent blank thereto, and the under-slide then moving against the bottom edge of the bent blank, * * * and pressing the edge under the bent blank to crimp it," are not infringed by machines made under letters patent No. 350,907, granted to William J Young, October 12, 1886, in which the lip-turner is bolted to the frame, and in which the weighted arm or spring or crimper-slide of the former device is not found.

In Equity. Bill for infringement of patent.

Bill brought by Jesse W. Hatch and others against William J. Young.

*W. A. Macleod*, for complainant.

*J. E. Maynadier*, for defendant.

COLT, J. This suit is brought on letters patent No. 132,849, dated November 5, 1872, granted to S. Moore and H. Rogers, for improvements in machines for making heel-stiffeners for boots and shoes. The specification says:

"Our invention relates to the manufacture of heel-stiffeners from leather-board, and particularly to the method of forming the lip or flange upon each stiffener, and of producing a stiffener having a body contracting from the bottom to the top. In making such stiffeners we use a stationary heel-shaped former-block, (set so as to leave a space beneath it,) a sliding bender, or follower, that presses the leather-board or blank around this block, and an under slide, that presses in or crimps the bottom edge of the blank, to form the lip or flange, the follower moving up against the blank, and pressing it upon and around the former-block, and griping the bent blank thereto, and the under slide then moving against the bottom edge of the bent blank, (such edge not being griped,) and pressing the edge under the former-block, to crimp it."

The claims in controversy are the first and third:

"(1) The combination of the stationary former-block, *b*, the slide-follower, *e*, and the crimper-slide, *g*, the follower and slide moving in right lines, and operating substantially as described."

"(3) The process herein described, of automatically, and by a continuous movement of the prime motor, shaping and setting to shape heel-stiffeners, by first griping the body and then crimping the bottom edge, substantially as described."

The defendant's machine is found described in his patent of October 12, 1886, No. 350,907. In this machine the blank is operated upon by two sets of dies. The blank is partially formed in what is called the "preliminary machine," and then completed by the auxiliary machine, or finisher.

Without giving a breadth of construction to the Moore and Rogers patent which I do not think warranted, I am unable to find any infringement on the part of the defendant. In view of the prior Hatch patent of August 1, 1871, the Moore and Rogers patent must be limited to the improved mechanism therein shown. A comparison of the two machines discloses a marked difference in construction and mode of operation. I do not find in the Young machine the crimper-slide found in the Moore and Rogers patent. In the Young machine the lip-turner, which turns the flange of the stiffener, is bolted to the frame, which is firmly fastened to the stationary table or bed; the lip-turner constituting a part of the frame or box in which the female mould is encased. Neither in the first nor in the second process of the Young machine do I find the weighted arm or spring or crimper-slide of the Moore and Rogers device. It may be said that both machines clamp and grip a stiffener between a male and female mould, and afterwards turn a flange, but the construction and operation of the machines are quite different. In my opinion the defendant's machine does not embrace the combination of devices covered by the first claim of the Moore and Rogers patent; nor do I think, in view of the prior state of the art, that the third or process claim of the Moore and Rogers patent, even if it is held to be valid, should be construed to cover either the first or second process of the Young invention. Bill dismissed.